IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| TERRY LEE McNELIS | : | BANKRUPTCY NO.: 4:10-bk-02757-JJT |
| DEBTOR | : | |
| TERRY LEE McNELIS | : | {**Nature of Proceeding**: Defendants' Motion for Summary Judgment (Doc. #25)} |
| PLAINTIFF | : | |
| vs. | : | |
| DAVID VARANO<br>NANCY WILSON<br>KELLEY PARK | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 4:12-ap-00336-JJT** |

# OPINION

The Chapter 7 Debtor, Terry McNelis, has filed a request for contempt sanctions against a number of individuals for violating the discharge injunction in 11 U.S.C. § 524.

McNelis is a prisoner at the State Correctional Institution at Coal Township (SCI) which has been withholding funds from McNelis' account to credit unpaid fines, restitution, court costs, and fees. The Defendants, various officials employed by SCI linked to this withholding, have filed a Motion for Summary Judgment arguing that they were simply collecting nondischargeable assessments excepted from discharge by the terms of 11 U.S.C. § 523(a)(7).

McNelis, who is not represented by counsel, initiated his bankruptcy on April 2, 2010, as a Chapter 11 filing. On April 16, 2010, the case was converted to Chapter 7, and he received his discharge on February 4, 2011.

In pursuing this litigation, McNelis has filed ample pleadings setting forth the support for his claim. It seems that he was convicted of a series of criminal violations resulting in the

assessments referenced by various judicial bodies as well as provided by statute. When he filed bankruptcy, withholding from his prison income allegedly ceased. He subsequently received a bankruptcy discharge on Official Form 18. The form is famous for its brevity. "It appearing that the debtor(s) is entitled to a discharge, it is ordered: The debtor(s) is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)." The lay person may assume that all debt is forgiven. The statute says otherwise. A review of § 523 of the Bankruptcy Code identifies a laundry list of exceptions to the discharge issued pursuant to § 727. Among those exceptions is one for "any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." 11 U.S.C. § 523(a)(7).[1] It is this very exception that the Defendants have cited in support of their Motion for Summary Judgment. They admit they were attempting to collect a "debt." They argue that the obligations at issue were nondischargeable under § 523(a)(7), and therefore, their efforts were not violative of the discharge order.

It appears to be admitted that deductions from the Debtor's prison account occurred relating to pre-bankruptcy fines, costs, restitution, and CVCF fees (Crime Victim's Compensation Fund and Victim Services Fund). Defendants' Statement of Material Facts (Doc. #27). The only matter in dispute appears to be the legal issue of whether obligations of this kind are excepted from discharge.

Guidance to the interpretation of § 523(a)(7)) can be found in the appellate decisions of *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) and *In re Thompson*, 418 F.3d 362 (3rd Cir. 2005). A review of those decisions makes clear that fines, costs, and restitution orders are not dischargeable and can be collected from a debtor after a chapter 7

---

[1] The reverse side of Official Form 18 generally references the exceptions.

discharge. The only real question is the status of the deduction made for this CVCF fund. I am satisfied that "the fundamental policy against federal interference with state criminal prosecutions" would also exclude that item from discharge. Quoting *Kelly v. Robinson*, 479 U.S. at 47.

That brings me to the matter at issue being the Motion for Summary Judgment filed by the Defendants.

Rule 56(a), incorporated into the Bankruptcy Rules by Rule 7056, states:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law . . . .

It appears uncontroverted that the debts deducted from Mr. McNelis' income account were related to various convictions. The Supreme Court of the United States in *Kelly v. Robinson* has made it abundantly clear that "§ 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly v. Robinson,* 479 U.S. at 50. After the date of the bankruptcy discharge, there is nothing in the law that would prevent SCI from collecting on these obligations. Such being my conclusion, the Defendants' Motion for Summary Judgment will be granted.

My Order will follow.

By the Court,

Date: September 25, 2013

John J. Thomas, Bankruptcy Judge
(CMS)